# EXHIBIT A



**Notice of Service of Process**

**KSB / ALL**
**Transmittal Number: 31462477**
**Date Processed: 05/20/2025**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| **Entity Served:** | State Farm Fire and Casualty Company |
| **Title of Action:** | James R. Boud, Trustee of the Linda Boud Revocable Trust vs. State Farm Fire and Casualty Company, a corporation |
| **Matter Name/ID:** | James R. Boud, Trustee of the Linda Boud Revocable Trust vs. State Farm Fire and Casualty Company, a corporation (17349199) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Iron County District Court, UT |
| **Case/Reference No:** | 250500103 |
| **Jurisdiction Served:** | Utah |
| **Date Served on CSC:** | 05/20/2025 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Johnson Legal Group, PLLC<br>385-626-0026 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Adriana Johnson – 15642
Alecia Johnson – 18432
JOHNSON LEGAL GROUP, PLLC
579 South Main Street, Suite 100
Kaysville, UT 84037
Telephone: (385) 626-0026
Email: adrianaj@aajohnsonlegal.com
aleciaj@aajohnsonlegal.com

Matthew S. Russo – 19215
THE HODGE FIRM
1301 Market Street
Galveston, TX 77550
Telephone: (409) 762-5000
mrusso@hodgefirm.com
*Attorneys for Plaintiffs*

## IN THE FIFTH JUDICIAL DISTRICT COURT – CEDAR CITY
## IN AND FOR IRON COUNTY, STATE OF UTAH

| | |
|---|---|
| **JAMES R. BOUD, Trustee of the Linda Boud Revocable Trust and D. LYNN BIGELOW and ALICE C. BIGELOW, DBA STADIUM WAY/COLLEGE WAY APARTMENTS,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY, a corporation**<br><br>**Defendant.** | **SUMMONS**<br>(Tier 3)<br><br><br>**Case Number 250500103**<br><br>**Judge Matthew L. Bell** |

**THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:**

**STATE FARM FIRE AND CASUALTY COMPANY**
Registered Agent: Corporation Service Company
15 West South Temple, Suite 600
Salt Lake City, UT 84101

You are summoned and required to answer the attached Complaint. Within **21 days** after

service of this summons, you must file your written answer with the clerk of the court at the following address: **Fifth District Court, 40 North 100 East, #3, Cedar City, Utah 84720** and you must mail or deliver a copy to Plaintiffs' Attorney at the address listed above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the Complaint. The Complaint is attached hereto. The relief demanded is as prayed for in the attached Complaint and said Complaint is hereby served upon you.

| | |
|---|---|
| A lawsuit has been filed against you. You must respond in writing by the deadline for the court to consider your side. The written response is called an Answer. | Se ha presentado una demanda en su contra. Si desea que el juez considere su lado, deberá presentar una respuesta por escrito dentro del periodo de tiempo establecido. La respuesta por escrito es conocida como la Respuesta. |
| **Deadline!** Your Answer must be filed with the court and served on the other party **within 21 days** of the date you were served with this Summons. | **¡Fecha límite para contestar!** Su Respuesta debe ser presentada en el tribunal y también con la debida entrega formal a la otra parte **dentro de 21 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. |
| If you do not file and serve your Answer by the deadline, the other party can ask the court for a default judgment. A default judgment means the other party can get what they asked for, and you do not get the chance to tell your side of the story. | Si usted no presenta una respuesta ni hace la entrega formal dentro del plazo establecido, la otra parte podrá pedirle al juez que asiente un fallo por incumplimiento. Un fallo por incumplimiento significa que la otra parte recibe lo que pidió, y usted no tendrá la oportunidad de decir su versión de los hechos. |
| **Read the complaint/petition** The Complaint or Petition has been filed with the court and explains what the other party is asking for in their lawsuit. Read it carefully. | **Lea la demanda o petición** La demanda o petición fue presentada en el tribunal y ésta explica lo que la otra parte pide. Léala cuidadosamente. |
| **Answer the complaint/petition** You must file your Answer in writing with the court **within 21 days** of the date you were served with this Summons. You can find an Answer form on the court's website: utcourts.gov/ans  Scan QR code to visit page | **Cómo responder a la demanda o petición** Usted debe presentar su Respuesta por escrito en el tribunal **dentro de 21 días** a partir de la fecha en que usted recibió la entrega formal del Citatorio. Puede encontrar el formulario para la presentación de la Respuesta en la página del tribunal: utcourts.gov/ans- span  Para accesar esta página escanee el código QR |
| **Serve the Answer on the other party** You must email, mail or hand deliver a copy of your Answer to the other party (or their attorney or licensed paralegal practitioner, if they have | **Entrega formal de la respuesta a la otra parte** |

| | |
|---|---|
| one) at the address shown at the top left corner of the first page of this Summons.<br><br>**Finding help**<br>The court's Finding Legal Help web page<br><br>(utcourts.gov/help) provides information about the ways you can get legal help, including the Self-Help Center, reduced-fee attorneys, limited legal help and free legal clinics.  Scan QR code to visit page | Usted deberá enviar por correo electrónico, correo o entregar personalmente una copia de su Respuesta a la otra parte (o a su abogado o asistente legal, si tiene) a la dirección localizada en la esquina izquierda superior de la primera hoja del citatorio.<br><br>**Cómo encontrar ayuda legal**<br>Para información sobre maneras de obtener ayuda legal, vea nuestra página de página Internet Cómo Encontrar Ayuda Legal. (utcourts.gov/help-span) Algunas maneras de obtener ayuda legal son por medio de una visita a un taller jurídico gratuito, o mediante el Centro de Ayuda. También hay ayuda legal a precios de descuento y consejo legal breve.<br><br>Para accesar esta escanee el código QR |

An Arabic version of this document is available on the court's website:



�خة عر�ية من هذه الوثيقة ع�� موقع ا�حكمة ع��

الإن��نت:توجد

 قم بالمسح الضوئي للرموز  utcourts.gov/arabic

A Simplified Chinese version of this document is available on the court's website:
本文件的简体中文版可在法院网站上找到：

utcourts.gov/chinese

 请扫描QR码访问网页

A Vietnamese version of this document is available on the court's website: Một bản tiếng Việt của tài liệu này có sẵn trên trang web của tòa:

**utcourts.gov/viet**
mã

Xin vé... ét

QR (Trả lời nhanh) để viếng trang

DATED this 12th day of May 2025.

**JOHNSON LEGAL GROUP**

*/s/ Adriana Johnson*
Adriana Johnson
Alecia Johnson
Matthew S. Russo
HODGE LAW FIRM, PLLC
*Attorneys for Plaintiffs*

Adriana Johnson – 15642
Alecia Johnson – 18432
JOHNSON LEGAL GROUP, PLLC
579 South Main Street, Suite 100
Kaysville, UT 84037
Telephone: (385) 626-0026
Email: adrianaj@aajohnsonlegal.com
aleciaj@aajohnsonlegal.com

Matthew S. Russo – 19215
THE HODGE FIRM
1301 Market Street
Galveston, TX 77550
Telephone: (409) 762-5000
mrusso@hodgefirm.com
*Attorneys for Plaintiffs*

**IN THE FIFTH JUDICIAL DISTRICT COURT – CEDAR CITY
IN AND FOR IRON COUNTY, STATE OF UTAH**

| | |
|---|---|
| **JAMES R. BOUD, Trustee of the Linda Boud Revocable Trust and D. LYNN BIGELOW and ALICE C. BIGELOW, DBA STADIUM WAY/COLLEGE WAY APARTMENTS,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY, a corporation**<br><br>**Defendant.** | **COMPLAINT<br>AND JURY DEMAND**<br><br><br><br>Case Number 250500103<br><br>Judge Matthew L. Bell |

Plaintiffs James R. Boud, D. Lynn Bigelow and Alice C. Bigelow (hereinafter "Plaintiffs"), by and through their counsel, hereby complain against Defendant State Farm Fire and Casualty Company ("Defendant"), and allege as follows:

1. Plaintiffs are individuals who, and at all times, have owned the properties located in Iron

1

County, State of Utah.

2. Defendant is an insurance corporation that regularly conducts business in the State of Utah and conducted business with Plaintiff in the State of Utah.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-102

4. Venue is proper pursuant to Utah Code Ann. §§ 78B-3-304 and 307.

## FACTUAL ALLEGATIONS

1. Plaintiffs are the owners of the real properties located at 130 West College Way Bldg A, and 130 North College Way, Bldgs B-E, Cedar City, Utah 84720 ("College Way Apartments") and 1480 West Center Street, Cedar City, Utah 84720 ("Stadium Way Apartments").

2. Defendant issued Plaintiffs a business owners insurance policy, bearing Policy Number: 94-BB-5279-1 (the "Policy").

3. During the effective dates of the Policy, the Properties suffered direct physical loss from the perils of wind and hail, as well as ensuing interior water damages.

4. Plaintiffs timely notified Defendant of the damages to the Properties.

5. Defendant assigned Claim Number 44-45C1-25X to Plaintiffs' claim.

6. Defendant's agent(s) failed to inspect the Property until on or about February 2, 2024, over a year after the Storm event of October 9, 2022.

7. As such, Defendant failed to properly investigate the Claim.

8. As part of Plaintiffs' contractual duties to "make reasonable and necessary repairs required to protect the property," Plaintiffs installed tarps to prevent further ensuing interior water damages to the Property.

9. Defendant failed to properly indemnify Plaintiffs for all covered damages, including but not limited to, viable repairs and/or replacement of the roofs, related roof components, damage to the siding, and the full scope of ensuing interior water damage.
10. Plaintiffs were forced to hire a public adjuster to assist them with their Claims.
11. Plaintiffs' roofing contractor and public adjuster provided Defendant with photographs of the damages to the Properties as well as detailed estimates to repair all covered damages.
12. Plaintiffs' estimates of the amounts of loss substantially differed from Defendant's estimates.
13. Because of the dispute between Plaintiffs and Defendant on the amount of the loss, Plaintiffs' public adjuster sent Defendant an email on March 1, 2024, seeking to invoke the Policy Appraisal provision.
14. Via correspondence dated March 4, 2024, Defendant refused to participate in the appraisal process contemplated by the Policy stating: "the provided estimate presents a dispute in coverage under the policy and items not covered under this claim."
15. Defendant breached the Policy by, *inter alia*, (1) failing to properly indemnify Plaintiffs for all covered damages, including repairs and/or replacement of the roof and related roofing components, (2) failing to indemnify Plaintiffs for roofing damages incurred while complying with the duty to make reasonable and necessary repairs to protect the property, (3) failing to fully indemnify Plaintiffs for the full scope of damages caused by ensuing water to the interior of the property, and (4) misrepresenting and failing to comply with the Policy's Appraisal provision.
16. In the handling of the Claim Defendant failed to adhere to the minimum standards for prompt, fair and equitable claim settlement as set forth in Utah Administrative Code

R590-190, including, but not limited to:

    a) Refusing to pay a claim without conducting a reasonable investigation;

    b) Offering a first party claimant substantially less than a claim's reasonable value as established by an independent source;

    c) Failing to fully disclose to Plaintiffs all pertinent benefits, coverages, and other provisions of an insurance policy under which a claim is presented;

    d) Refusing to provide a written basis for the denial of a claim upon demand of the insured;

    e) Refusing to pay reasonably incurred expenses to an insured when such expenses resulted from a delay, as prohibited by these rules in claims settlement or claims payment;

    f) Failing to pay interest at the legal rate, as provided in Title 15, Utah Code, upon amounts that are overdue under these rules;

    g) Failing to make payment on the loss acknowledged within the time required; and

    h) Failing to provide for repairs.

17. In total, Plaintiffs are entitled to recover at least $971,505.72 from Defendant plus attorney's fees, public adjuster fees, costs and interest (*See Taylor v. State Farm,* Case 1:22-cv-00101-RJS-DBP, Memorandum Decision and Order, September 2024).

## **FIRST CAUSE OF ACTION**
### (Declaratory Relief and/or Petition to Compel Appraisal)

18. Plaintiffs re-allege and incorporate by reference the allegations in all prior paragraphs and bring this cause of action for Declaratory Relief and/or Petition to Compel Appraisal pursuant to Utah Code Ann. § 76B-6-401.

19. Plaintiffs and Defendant have a justiciable controversy regarding the interpretation of the Policy's Appraisal provision as Defendant's written position on the Parties' ability to proceed with appraisal appears contrary to the terms of the Policy.

20. The interests of Plaintiffs and Defendant are adverse as Plaintiffs seek to invoke the contractual appraisal provision which was bargained for by the Parties as an alternative dispute resolution mechanism and Defendant has refused, in writing, to proceed.

21. Plaintiffs have a legally protectable interest in the controversy as this matter involves Plaintiffs' property and Defendant's contractual obligation to indemnify Plaintiffs for loss to their property.

22. The issue sought to be determined by Plaintiffs is ripe for judicial determination as it is not hypothetical and has "sharpened into an actual or imminent clash of legal rights and obligations between the parties []hereto." See Redwood Gym v. Salt Lake County Comm'n, 624 P.2d 1138, 1148 (Utah 1981).   Specifically, Plaintiffs are unable to proceed with the contractual appraisal provision to determine the amount of loss and repair their property to its pre-loss condition.

23. The Policy's Appraisal provision provides as follows:

> **SECTION I – PROPERTY CONDITIONS**
>
> …
>
> 7.   **Appraisal.** If you and we do not agree on the amount of the loss, including the amount of *actual cash value* or *replacement cost*, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire, and failing for 15 days to agree upon such umpire, then, on request of you or the company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately the *actual*

*cash value* and *replacement cost* of each item, and failing to agree, shall submit

6

> their differences, only, to the umpire. An award in writing, so itemized, of any two of these three, when filed with the company shall determine the amount of loss.
>
> Each party will:
>
> a.     pay its own appraiser; and
>
> b.     bear the other expenses of the appraisal and umpire equally.
>
> In no event will an appraisal be used for the purpose of interpreting any policy provision, determining causation or determining whether any item or loss is covered under this policy. If there is an appraisal, we still retain the right to deny the claim.[1]

24. As alleged *supra*, due to the Parties' disagreement on the amount of loss for Plaintiffs' claim, on March 1, 2024, Plaintiffs' public adjuster sent Defendant an email seeking to invoke the above Appraisal provision.

25. Defendant's adjuster, Joshua Perry, responded in writing on March 4, 2024, and asserted:

> The appraisal provision in the policy is to resolve differences in the price of repairs which State Farm determined were covered. The provided estimate presents a dispute in coverage under the policy and items not covered under this claim. Appraisal cannot be used to resolve disputes regarding coverage provided by the contract. Therefore, appraisal would not be appropriate…appraisers and umpire have no authority to decide questions of coverage.

26. Defendant has declined the appraisal clause due to an argument over coverage, which is distinct from the appraisal demand. Case law on this subject does not support Defendant's view that appraisal is only for resolving 'the price of repairs which State Farm determined were covered."

27. In Miller v. USAA Cas. Ins. Co., 44 P.3d 663, 675-76 (Utah 2002), the Supreme Court of Utah characterized appraisal provisions in insurance policies as follows:

> Appraisal clauses, like other contractual clauses requiring alternative dispute resolution, are strictly enforceable....
>
> According to the plain language of the appraisal clause, the appraisers were only to set the "amount of loss" of the property damage to the home. Inasmuch as the appraisal clause is a condition only in section one of the insurance contract, the clause necessarily applies only to property damage claims.
>
> Further, relying on the usually accepted meaning of the term, the amount of loss as used in the appraisal clause refers to the value of the injury or damage for which the [insureds] may seek indemnity. Massey v. Farmers Ins. Group, 837 P.2d 880, 882 (Okla. 1992)("[A]ppraisal provisions permit appraisers or umpires to determine one issue, to wit, the amount of damage to the property."); 46A C.J.S. Insurance § 1355 (1993)("[S]ubmissions to ascertain the 'amount of loss or damage' are to be construed to signify a proceeding to appraise and estimate the damage to the property described, but not to embrace the question of ownership or any other matter [that] goes to the roof of the cause of action."). "The word 'loss' in a clause in an indemnity insurance policy...means the injury or damage caused by the accident for which the insurer may, under the provisions of the policy, be liable...." 44 Am.Jur.2d Insurance § 1327 (1982).

28. It is undisputed that Plaintiffs suffered a covered loss to the insured property.

29. It is undisputed that Plaintiffs submitted competing estimates and disputed the "amount of loss" for the covered damages.

30. It is undisputed that Plaintiffs' public adjuster sought to avoid litigation and take advantage of the Policy's appraisal provision to resolve the discrepancy over the amount of loss by submitting a written demand to Defendant and identifying Plaintiffs' proposed appraiser.

31. It is undisputed Defendant—through its agent—unilaterally declined to participate in the Appraisal provision and attempted to rely on language that was not in the Policy (i.e., asserting that appraisal was unavailable for "out-of-scope line items," "unnecessary line items" and "specific pricing discrepancies").

32. In fact, contrary to Defendant's written position, the Appraisal provision is designed

to specifically resolve all disputes on the amount of money it will take to repair the covered damages at Plaintiffs' property—and to resolve such issues without forcing Defendant's customers to incur the costs of litigation to enforce their rights.

33. Pursuant to the foregoing, Plaintiffs seek a declaration from this Court that this matter may proceed to appraisal and/or an order compelling Defendant to participate in Appraisal pursuant to the enforceable and binding terms of the Policy.

## SECOND CAUSE OF ACTION
(Breach of Contract)

34. Plaintiffs reallege and incorporate by reference the allegations in all prior paragraphs.

35. The Policy constitutes a valid and enforceable contract whereby Defendant insured Plaintiffs in the Policy.

36. Plaintiffs are entitled to full payment for losses under the Policy.

37. Defendant materially breached the Policy by, among other things, failing to timely and fully pay Plaintiffs for covered losses.

38. Defendant has materially breached the Policy by, among other things, failing to pay for actual losses caused by the Storm.

39. As a direct and proximate result of Defendant's material breach of the Policy as described above, Plaintiffs have incurred and continue to incur, significant damages.

40. Defendant's actions and inactions in responding to, evaluating, and handling the Claims constitutes bad faith under Utah law.

41. As a direct and proximate result of Defendant's bad faith actions and breach of the Policy, as described above, Plaintiffs have incurred and continue to incur significant damages.

42. Plaintiffs are therefore entitled to judgment against Defendant as set forth below in the Prayer for Relief.

## THIRD CAUSE OF ACTION
(Breach of Duty of Good Faith and Fair Dealing)

43. Plaintiffs reallege and incorporate by reference the allegations in each of the prior paragraphs.

44. The Policy constitutes a valid and enforceable contract between Defendant and Plaintiffs.

45. An implied covenant of good faith and fair dealing exists in the Policy.

46. Defendant breached the duty of good faith and fair dealing in the following respects:

    a) Failing to properly investigate the Claims, as indicated above;

    b) Failing to fairly evaluate the Claims, as indicated above;

    c) Failing to promptly pay and settle the Claims, as indicated above;

    d) Failing to comply with Utah law regarding handling the Claims, as indicated above;

    e) Misrepresenting facts regarding provisions and coverages;

    f) Asserting standards and terms for denial of the Claims not contained within or supported by the Policy;

    g) Failing to deal with its insured as a layman and not as an expert in the subtleties of law and insurance; and

    h) Causing Plaintiffs to hire a public adjuster in order to recover the amounts owed to Plaintiffs.

47. These implied duties are based on Utah's claim handling laws as set forth above and industry standards for accepted claims adjusting practices.

48. As a direct and proximate result of Defendant's breach of the duty of good faith and fairly dealing as described above, Plaintiffs have incurred, and continue to incur, significant damages.

49. Plaintiffs are therefore entitled to judgment against Defendant as set forth below in the Prayer for Relief.

## JURY DEMAND

50. Plaintiffs request a jury trial pursuant to Utah Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request relief as follows:

I. On Plaintiffs' First Cause of Action: A declaration and/or order that this matter is ripe for Appraisal pursuant to the terms of the policy;

II. On Plaintiffs' Second Cause of Action: A money judgment against Defendant in an amount to be determined at trial, but at least $971,505.72 from Defendant, plus attorney's fees, public adjuster fees, costs and interest;

III. On Plaintiffs' Third Cause of Action: A money judgment against Defendant in an amount to be determined at trial, but at least $971,505.72 from Defendant, plus attorney's fees, public adjuster fees, costs and interest; and

IV. For such other relief as the Court deems proper.

DATED this 9th day of May 2025.

JOHNSON LEGAL, PLLC

**/s/ Adriana Johnson**
Adriana Johnson
Alecia Johnson
Matthew S. Russo
HODGE LAW FIRM, PLLC
*Attorneys for Plaintiffs*